**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE S. BUSSINGER, | : | |
| | : | **Hon. Robert B. Kugler** |
| Plaintiff, | : | |
| | : | Civil Action No. 07-0876 (RBK) |
| v. | : | |
| | : | |
| ATLANTIC COUNTY JAIL, et al., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |
| _____ | : | |

**APPEARANCES:**

> GEORGE S. BUSSINGER, #149110, Plaintiff Pro Se
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey  08330

**KUGLER**, District Judge

Plaintiff George S. Bussinger, a prisoner incarcerated at the Atlantic County Justice Facility ("ACJF"), seeks to file a Complaint asserting violation of his constitutional rights, pursuant to 42 U.S.C. § 1983, against ACJF and Warden Gary Merline.  Having thoroughly reviewed Plaintiff's allegations and his application to proceed in forma pauperis, the Court will grant prisoner in forma pauperis status, pursuant to 28 U.S.C. § 1915, and allow the Complaint to proceed in part.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

## I.  BACKGROUND

Plaintiff sues ACJF and Warden Gary Merline for injunctive relief based on the following factual allegations, which this Court is required to regard as true for the purposes of this review. Plaintiff asserts that he is incarcerated at ACJF as a pretrial detainee.  He asserts violation of his

right of access to courts in that the jail has no law library and no adequate alternative for conducting legal research.  Plaintiff alleges that he requested access to the rules of criminal procedure in order to prepare for an upcoming court hearing at which he intended to represent himself, but he did not receive the requested rules for 23 days and, after he submitted a grievance to Warden Merline, he received the wrong documents.  Plaintiff further asserts that he is not able to prepare motions for proceedings pending in the courts of Pennsylvania because his ability to research issues is non-existent.

Plaintiff alleges that the jail does not allow pretrial detainees to receive books or magazines through the mail, although the jail permits sentenced inmates to receive them.  He contends that this policy violates his constitutional rights and is not related to security.

Plaintiff complains that the jail is overcrowded, with inmates sleeping in the day area and three persons occupying a cell designed for two.  He alleges that the jail refuses to provide him with  a second pair of underclothes or a second uniform, even though he cannot afford to purchase them from the commissary.  Plaintiff asserts that, as a result, he has to wear dirty clothing or remain without clothing while his clothing is being washed.

Plaintiff asserts that he raised all issues to the Warden in grievances, and the Warden affirmed the unconstitutional policies about which he complained.  Plaintiff seeks injunctive relief for violation of his constitutional rights.

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a  pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend,

unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp.,
293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v.
Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of
the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport
Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over
"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and
Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also
28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to
seek redress for a violation of his federal constitutional rights by a person who was acting under
color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person
deprived him or caused him to be deprived of a right secured by the Constitution or laws of the
United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,
487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

A.  First Amendment

Plaintiff asserts that Defendants violated his rights under the First Amendment, applicable to states through the Fourteenth Amendment, by not allowing him to receive magazines and newspapers through the mail, and failing to provide access to legal research.  The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights."  Bell v. Wolfish, 441 U.S. 520, 545, 546 (1979); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

Plaintiff asserts that Defendants violated his First Amendment rights by not allowing him to receive mailed books and magazines, while allowing sentenced inmates to receive them.  The Supreme Court recently determined that a Pennsylvania prison policy that denied newspapers, magazines, and photographs to a group of specially dangerous and recalcitrant inmates did not violate the First Amendment.  See Beard v. Banks, 126 S. Ct. 2572 (2006).  The case arose in the context of the defendants' motion for summary judgment, which "set forth several justifications for the prison's policy, including the need to motivate better behavior on the part of particularly difficult prisoners."  Id. at 2578.  Noting that "prison officials have imposed the deprivation at issue only upon . . . the 40 most intractable inmates in the Commonwealth [and] reached an experience-based conclusion that the polic[y] help[s] to further legitimate prison objectives," id. at 2580, the Supreme Court found that, on the basis of the record before the District Court, summary judgment in favor of the government was warranted.  Id. at 2581.

5

Unlike the procedural posture in Beard, this case is at the sua sponte dismissal stage. This Court finds that, given the absence of a record showing the legitimate penological interests served by the alleged denial of access to books and magazines, sua sponte dismissal is not warranted.  See  Wolf v. Ashcroft, 297 F.3d 305 (3d Cir. 2002) (reversing and remanding dismissal of prisoner's challenge to rule prohibiting R rated movies because the connection between the policy and the government interest was not obvious); Dreibelbis v. Marks, 675 F. 2d 579 (3d Cir. 1982) (reversing sua sponte dismissal of First Amendment claim because at the very least a record must be made as to the state's justifications).  This Court will accordingly allow this First Amendment claim to proceed to service.

Plaintiff also asserts that Defendants violated his First Amendment right of access to courts by failing to provide access to legal research materials.  Specifically, he asserts:

> The Atlantic County Jail has no law library and no adequate alternative which enables a prisoner to perform basic research of potential court claims (i.e., civil, criminal, divorce, etc.)  The failure of the facility to have a law library or an adequate alternative prohibits and/or hinders inmates access to the courts (i.e., on 1-20-07 I requested to view N.J. Criminal Rules so that I could prepare for a upcoming court hearing where, as I did in Pennsylvania, it was anticipated that I would represent myself 23 days later.  I have still not received the requested info.
>
> In fact, the request was sent back as denied, and after filing a grievance, information that was not requested was forwarded to me.  I have court on 2-15-07 and have no idea what the procedures are for N.J. criminal courts.  Also, I hav[e] pending actions in Pennsylvania that I cannot prepare motions for because my ability to research issues is non-existent.

(Compl. at pp. 4-5.)

The Supreme Court held in <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the Supreme Court held that a prisoner lacks standing to pursue an access to courts claim unless he shows that the alleged interference of prison officials, or shortcomings in the library or legal assistance program, "hindered his efforts to pursue a legal claim."  <u>Lewis</u>, 518 U.S. at 352.  To satisfy this standard, an inmate must show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged interference or shortcomings.  <u>Id.</u> at 351.  In <u>Lewis</u>, the Supreme Court gave examples of potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

<u>Lewis</u>, 518 U.S. at 351.

In <u>Oliver v. Fauver</u>, 118 F.3d 175, 178 (3d Cir. 1997), the plaintiff prisoner alleged that corrections officers had opened his outgoing legal mail (containing a notice of appeal and a brief) to the Clerk of the New Jersey Superior Court, the state Attorney General, and the Commissioner of the Department of Corrections.  <u>Id.</u> at 176.  The United States Court of Appeals for the Third Circuit rejected the claim because the prisoner suffered no actual injury as a result of the alleged

interference with his outgoing legal mail, where his papers arrived at the court, which adjudicated his claim.  Id. at 178.

Plaintiff states in his Complaint that he intended to represent himself in a state criminal proceeding, but he does not indicate whether, if indigent, he was offered a free court-appointed attorney.  See Gideon v. Wainwright, 372 U.S. 335, 342-44 (1963) (an indigent defendant in a criminal prosecution in state court has a constitutional right to court-appointed counsel).  If the State offered free court-appointed counsel, then the State satisfied its obligation to provide access to the courts with respect to that proceeding, and Plaintiff's access to the courts claim fails as a matter of law with respect to his criminal prosecution.  See Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988).  The claim fails because the United States Court of Appeals for the Third Circuit "read[s] Bounds to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts."  Id.[1]  Alternatively, if Plaintiff was indigent and the State failed to provide court-appointed counsel, or if Plaintiff exercised his right to self-representation under Faretta v. California, 422 U.S. 806 (1975), and the jail failed to provide

---

[1] On this issue, the Bounds court stated the following:

> It should be noted that while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here . . . does not foreclose alternative means to achieve that goal. . . .  Among the alternatives are the training of inmates as paralegal assistants to work under lawyers' supervision, the use of paraprofessionals and law students . . . , the organization of volunteer attorneys through bar associations or other groups, the hiring of lawyers on a part-time consultant basis, and the use of full-time staff attorneys, working either in new prison legal assistance organizations or as part of public defender or legal services offices.

Bounds, 430 U.S. at 830-31.

access to legal research or assistance, then Plaintiff may conceivably be able to articulate an access to courts claim if he can establish actual injury.[2]

      As the above discussion demonstrates, the facts set forth in the Complaint do not state an access to courts claim under <u>Lewis v. Casey</u>.  The Court will dismiss the access to courts claim for failure to state a claim upon which relief may be granted.  However, Plaintiff may be able to allege an access to courts claim if he was denied appointed counsel despite his indigence or he exercised his right of self-representation.[3]  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment).  The dismissal of the access to courts claim will therefore be without prejudice to the filing of an amended complaint.[4]

## B.  Conditions of Confinement

      Plaintiff asserts that the overcrowded and unsanitary conditions of confinement at ACJF violated his constitutional rights.  The Due Process Clause of the Fourteenth Amendment

---

[2] In <u>Peterkin</u>, 855 F.2d at 1043, the Third Circuit left open the question of whether the state's obligation to provide prisoners with adequate law libraries or adequate legal assistance in order to ensure access to the courts extends to those prisoners who have exercised their right to self-representation.  However, other Circuits have held that an inmate who knowingly and voluntarily waives appointed representation in a criminal proceeding has no access to the courts claim under § 1983 when the jail denies adequate access to a law library.  <u>See</u>, <u>e.g.</u>, <u>Degrate v. Godwin</u>, 84 F.3d 768 (5th Cir. 1996); <u>United States ex rel. George v. Lane</u>, 718 F.2d 226 (7th Cir. 1983).

[3] Such a claim would not appear to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), insofar Plaintiff's allegations indicate that the jury did not convict him in the criminal proceeding referred to in the Complaint.

[4] A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  <u>See</u> Fed. R. Civ. P. 15(a).  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.  <u>Id.</u>

prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979).[5]  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540. "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."  Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

As Plaintiff complains that he was denied adequate clothing and sanitation, and that he complained to the Warden about these problems, this Court finds that sua sponte dismissal of Plaintiff's conditions of confinement claim is not warranted and will allow this claim to proceed to service.

---

[5] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."  Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

## IV.  CONCLUSION

The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>, dismisses the First Amendment access to courts claim without prejudice, and allow the remaining federal claims to proceed.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    July 23    , 2007

11